*Chen v. Garland*

BIA
Sponzo, IJ
A208 615 221

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-three.

PRESENT:
 RICHARD J. SULLIVAN,
 WILLIAM J. NARDINI,
 EUNICE C. LEE,
  *Circuit Judges.*

_____

YANG AO CHEN,
  *Petitioner,*

 v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

20-1819

NAC

_____

FOR PETITIONER: Richard Tarzia, Law Office of Richard Tarzia, Belle Meade, NJ.

FOR RESPONDENT: Brian M. Boynton, Acting Assistant Attorney General; Anthony C.

Payne, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Yang Ao Chen, a native and citizen of the People's Republic of China, seeks review of a May 19, 2020 decision of the BIA denying his motion to terminate and affirming a May 2, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Ao Chen,* No. A208 615 221 (B.I.A. May 19, 2020), *aff'g* No. A208 615 221 (Immigr. Ct. N.Y. City May 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

**Motion to Terminate**

We review the denial of a motion to terminate for abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). Chen relies on *Pereira v. Sessions*, 138 S. Ct. 2105, 2115 (2018), which held that an incomplete Notice to Appear

("NTA") does not trigger the stop-time rule for cancellation of removal to argue that the BIA should have terminated his removal proceedings for lack of jurisdiction because his NTA did not contain the date or time of his initial hearing. This Court explicitly rejected that extension of *Pereira* in *Banegas Gomez v. Barr*, 922 F.3d 101, 105 (2d Cir. 2019). As we stated in *Banegas Gomez*, we see "no basis" for construing *Pereira* "to divest an Immigration Court of jurisdiction whenever an NTA lacks information regarding a hearing's time and date." *Id.* at 111. "[A]n NTA that omits information" vests jurisdiction in the Immigration Court, "at least so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112. Following the initial incomplete NTA, Chen received a notice with the time, date, and place of the proceeding. Given that the defect in the NTA was cured, the BIA did not abuse its discretion in denying Chen's motion to terminate for lack of jurisdiction.

**Asylum and Withholding of Removal**

We have reviewed both the BIA's and the IJ's opinions as to the denial of asylum and withholding of removal. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we

3

review questions of law de novo. *See Wei Sun v. Sessions,* 883 F.3d 23, 27 (2d Cir. 2018). Further, we determine that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, Chen had to show that he suffered past persecution or that he had a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i). "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Just.*, 416 F.3d 192, 198 (2d Cir. 2005)). Persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,'" which "must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223,

4

226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341).

Substantial evidence supports the agency's conclusion that Chen did not establish past persecution. Chen testified that the police beat him during a raid on a house church, but that he was not arrested, and that the beating resulted in bruising and swelling for which he did not seek medical attention. Even in the context of arrest and detention, we have never held that a beating is "persecution *per se*." *Jian Qiu Liu v. Holder*, 632 F.3d 820, 821–22 (2d Cir. 2011). Therefore, the agency reasonably concluded that this single incident did not rise to the level of past persecution. *See id.* (finding no error in BIA's conclusion that applicant had not demonstrated past persecution based on evidence of a beating prior to arrest that had "no lasting physical effect" and for which the petitioner did not seek medical attention).

Likewise, the agency reasonably concluded that Chen did not have a well-founded fear of future persecution because he did not demonstrate that he would be "singled out individually for persecution" or that China has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

Substantial evidence supports the conclusion that Chen

5

did not demonstrate that he would be individually singled out for persecution. Chen testified to the single raid in 2015, but did not present evidence that the police continued to look for him beyond a few months after that raid. *See Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Additionally, the IJ reasonably concluded that Chen's ability to leave China using his own passport suggested that authorities were not actively searching for him. *Cf. Ying Li v. Bureau of Citizenship & Immigration Servs.*, 529 F.3d 79, 83 (2d Cir. 2008) (upholding an IJ's implausibility finding where petitioner alleged that she was able to leave China on her passport while wanted by local authorities).

Nor does the country-conditions evidence compel the conclusion that there is a pattern or practice of persecution of those worshipping in family churches. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). True, the record does contain evidence of abuses against members of unregistered Christian churches in China, and that

6

one such church in Chen's native province of Fujian was banned. But the U.S. State Department estimates that there are 70 million Christians in China, only 16 million of whom are affiliated with a state-sanctioned church, and that freedom to conduct religious services has been increasing. Certified Administrative Record at 280, 294. Furthermore, the reports do not identify incidents of persecution in Chen's home province of Fujian. *Id.*; *Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (concluding that pattern or practice claim fails when persecution of religious practitioners is not nationwide and there is no evidence of persecution in applicant's home province). On this record, an IJ could reasonably conclude that the country-conditions evidence failed to establish that Chen had an objectively reasonable fear of persecution. *See Liang*, 10 F.4th at 117; *Huang*, 421 F.3d at 129.

Because Chen failed to meet the lower burden for asylum, he necessarily failed to meet the higher burden for withholding of removal, which requires a greater likelihood of persecution. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b);

7

*Lecaj*, 616 F.3d at 119–20.[1]

For the foregoing reasons, the petition for review is **DENIED.** All pending motions and applications are **DENIED** and stays **VACATED.**

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] The IJ could have denied CAT relief based on her finding that Chen failed to establish a well-founded fear of persecution, but instead made an independent, dispositive finding that Chen failed to establish a likelihood of harm rising to the level of torture. Chen did not challenge that finding before the BIA and does not challenge it here. But even if this argument were exhausted and raised, the claim would fail on the same grounds as her claims for asylum and withholding of removal did. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that applicant who "fails to demonstrate the . . . chance of persecution required for the grant of asylum . . . necessarily fails to demonstrate . . . the more likely than not to be tortured standard required for CAT relief" (quotation marks and citations omitted)).